STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT


DOCKET NUMBER
2023 CA 1184


IN RE INTERDICTION OF
ROBERT E. COCKERTON


Judgment Rendered: ___APR 3 0 2024___


* * * * *


ON APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT, DIVISION H
IN AND FOR THE PARISH OF ST. MARY
STATE OF LOUISIANA
DOCKET NUMBER 135323

HONORABLE ROGER P. HAMILTON, JR., JUDGE PRESIDING


* * * * *


| | |
|---|---|
| C.E. Bourg, II<br>Morgan City, Louisiana | Attorney for Appellants<br>C.E. Bourg, II and<br>Darrell Robert Cockerton |
| Lloyd T. Bourgeois, Jr.<br>Morgan City, Louisiana | Attorney for Appellee<br>Larry E. Cockerton |


**BEFORE: THERIOT, PENZATO, AND GREENE, JJ.**

Penzato, J. concurs

**GREENE, J.**

This is an appeal from an award of sanctions against an attorney. After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

On November 24, 2020, Larry F. Cockerton (Larry) filed a petition for the interdiction of his 90-year-old father, Robert E. Cockerton (Robert). After a trial, the trial court rendered a judgment of limited interdiction on March 2, 2021, appointing Larry as curator and Larry's wife as undercurator. Carl Schaeffer (Mr. Schaeffer), a friend of Robert's and an intervenor in the interdiction, filed a motion for new trial, which was denied. Mr. Schaeffer appealed the judgments, which were later affirmed by this Court. **In Re: Interdiction of Robert E. Cockerton**, 2021-1316 (La. App. 1 Cir. 4/8/22), 341 So.3d 834.

Nearly a year after those judgments were affirmed, on March 31, 2023, Darrell Robert Cockerton (Darrell), Robert's son who was not a party to the interdiction, filed a rule to show cause why a paternity test should not be ordered for Larry and Robert, alleging that Larry was not Robert's biological son. In response, Larry filed an opposition and a rule for imposition of sanctions. The matter was heard on May 22, 2023. After the hearing, the trial court ruled, denying the request for paternity testing, granting the motion for sanctions, and awarding sanctions against Darrell's attorney, C.E. Bourg, II, in the amount of $5,000.00. The judgment was signed on June 20, 2023. In its judgment, the trial court found no legal or factual basis for the rule for paternity testing. Mr. Bourg and Darrell appealed that judgment.[1] In the appeal the appellants list six assignments of error.

> 1. Was the sanctioning of [Darrell's] attorney, C.E. Bourg, lawful for requesting a DNA test to determine if [Larry] was the biological son and or blood decedent of Robert Cockerton (interdict) in light of [Robert's] denial of paternity at trial.
>
> 2. Was the discharge of [Larry] legal due to the fact that he had never filed an inventory, annual accounting for the years of 2021 and 2022 and never filed a final accounting that meets legal standards.

---

[1] The order for appeal also lists Mr. Schaeffer as an appellant. However, Mr. Schaeffer did not appear at the hearing and is not listed on the appellants' brief.

2

3. Was the failure of [Larry] to file the required inventory and annual report grounds for [Darrell] to request that he be appointed curator a point which [is] now moot due to the death of his father Robert Cockerton (interdict).

4. The failure of the Court to enforce the duties of the curator and under curator grounds for reversal of the order granting that the curator [Larry] and under curator Rose K. Cockerton be discharged and that curator bond be cancelled since they are found to have performed their required duties.

5. If this Court finds this release and discharge of the curator and under curator is a manifest error does this subject their counsel to sanctions and should the Court instruct the trial court to impose sanctions on Mr. Lloyd T. Bourgeois Jr.

6. Was the Court's finding that [Larry] was the son of [Robert] a [reversible] error when this fact was contested by [Robert] at trial without DNA results when they were [easy] and inexpensive to obtain.

## DISCUSSION

The only judgment on appeal herein is the June 20, 2023 judgment denying the rule for paternity testing, granting the motion for sanctions, and awarding sanctions against Darrell's attorney, Mr. Bourg, in the amount of $5,000.00. Assignments of error two through six do not relate to the judgment that is before us on appeal, and thus will not be addressed by this Court.

In assignment of error number one, the appellants question the sanctioning of Mr. Bourg for requesting a DNA test to determine whether Larry was the biological son of Robert in light of Robert's denial of paternity at trial.

At the hearing, the following colloquoy occurred:

**THE COURT:**

I already ruled on an interdiction, and it went up to the First Circuit and got affirmed. So now you're asking me to reopen and make another decision on something I already decided.

**MR. BOURG:**

You're not deciding the interdiction, you're deciding a collateral issue which bears on who can be the curator.

**THE COURT:**

And I've already decided that; right?

**MR. BOURG:**

You didn't have the information. This would be grounds. If it's true, it would be grounds for - -

3

**THE COURT:**

Remember when I let you in as an intervenor?  I told you [that] you had to accept it as it is, as it lies.  And now you're coming back almost a year - - two years later, and you're asking to reopen this interdiction.  You're asking me to appoint another curator.

**MR. BOURG:**

No sir.  I asked you to do a DNA test to see.

**THE COURT:**

Which would ultimately lead to you asking for another curator.

**MR. BOURG:**

Which would be new evidence which would be useful for a request for a new trial.

**THE COURT:**

A new trial is seven days.  You're way out of time.

The trial court then denied the request for a DNA test as frivolous and sanctioned Mr. Bourg $5,000.00 for attorney fees.

After a thorough review, we find no merit to this appeal.  As noted by the trial court, the request for a DNA test was used in an attempt to obtain a new trial, long after the time period to request a new trial had passed.  See La. C.C.P. art. 1974.

## CONCLUSION

For the foregoing reasons, the trial court judgment is affirmed.  Costs of this appeal are assessed against the appellants, C.E. Bourg, II and Darrell Robert Cockerton.

**AFFIRMED.**

4